IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| EUGENE FRANCIS HERSCHELMAN, | ) | CIVIL NO. 12-00550 LEK-RLP |
| | ) | |
| Appellant, | ) | BANKRUPTCY NO. 12-01775 |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | THAT APPELLANT'S APPLICATION TO |
| | ) | PROCEED WITHOUT PREPAYMENT OF |
| JOHN SPADARO, ET AL., | ) | FEES BE DENIED |
| | ) | |
| Appellees. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION THAT APPELLANT'S APPLICATION TO
PROCEED WITHOUT PREPAYMENT OF FEES BE DENIED[1]

On October 12, 2012, Appellant Eugene Francis Herschelman ("Appellant"), proceeding *pro se*, filed a Notice of Appeal from the Bankruptcy Court's Amended Order Denying Motion to Extend Automatic Stay, dated October 5, 2012.  See ECF No. 1-1.  On that same date, Appellant filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application").  See ECF No. 2.  Appellant requests that the Court permit him to proceed *in forma pauperis* ("IFP").

The Court finds this matter suitable for disposition without a hearing pursuant to LR 7.2(d) of the Local Rules of

---

[1] Within seventeen (14) days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation.  If no objections are filed, no appellate review will be allowed.

Practice for the United States District Court for the District of Hawaii.  Based on the following, and after careful consideration of Appellant's Application, the Court HEREBY FINDS AND RECOMMENDS that the Application be DENIED.

## ANALYSIS

Federal courts may authorize the commencement or prosecution of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees pursuant to 28 U.S.C. § 1915(a)(1).  Andrews v. Cervantes, 493 F.3d 1047, 1051 (9th Cir. 2007).  "[A]n affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life."  Adkins v. E.I. Du Pont de Nemours & Co., Inc., 335 U.S. 331, 339 (1948) (quotations omitted); see also United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981) (quotations omitted) (the affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty").

Section 1915(a) is not available to parties filing an original petition for bankruptcy.  United States v. Kras, 409 U.S. 434, 440 (1973).  When a bankruptcy order is appealed, however, district courts within the Ninth Circuit have considered IFP applications on the merits.  See, e.g., In re DDJ, LLC, No. 1:11-00027, 2011 WL 4962933, at *1 (E.D. Cal. Oct. 18, 2011) (granting IFP status); In re Taylor, No. 98-38409, 2012 WL

1957984, at *6 (9th Cir. BAP May 31, 2012) (declining to overrule district court's granting of IFP application); Moore v. Deutsche Bank Nat'l Trust Co., Civ. No. 11-00081 SOM-BMK, ECF No. 5 (D. Haw. Feb. 10, 2011) (Order Denying Application to Proceed Without Prepaying Fees or Costs). Such applications are properly before the district court, rather than the bankruptcy court. See In re Perronton, 958 F.2d 889, 896 (9th Cir. 1992) (bankruptcy court lacks authority to waive fees under § 1915(a)). The district court has broad discretion in granting or denying leave to proceed on an IFP basis. O'Loughlin v. Doe, 920 F.2d 614, 616 (9th Cir. 1990).

In determining IFP status, the Court is guided by whether the applicant's yearly income surpasses the poverty threshold. The Department of Health and Human Services ("HHS") 2012 Poverty Guidelines indicate that the poverty threshold for a single-person household in Hawaii is $11,170. 2012 HHS Poverty Guidelines, 77 Fed. Reg. 4034-35 (Jan. 26, 2012). Applicant attached a bankruptcy schedule which states that his average monthly income is $4,701 and that he owns partial title to several parcels of real property as well as other assets. This results in an annual income of $56,412, which is well above the poverty threshold. Although Appellant certainly has various debts and other expenses, as demonstrated by his filing for bankruptcy, his Application fails to show that he is a pauper and is unable to pay the cost of this proceeding or give security


therefor. Therefore, the Court finds that Applicant does not qualify for IFP status under 28 U.S.C. § 1915(a)(1) and recommends that his Application be denied.

## CONCLUSION

In accordance with the foregoing, the Court HEREBY FINDS AND RECOMMENDS that Applicant's Application to Proceed Without Prepayment of Fees, filed on October 12, 2012, be DENIED. If Applicant wishes to proceed with this action, he must remit the appropriate filing fee within thirty (30) days from the date this Findings and Recommendation is acted upon. Failure to do so will result in the automatic dismissal of this action.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, OCTOBER 16, 2012.

_____
Richard L. Puglisi
United States Magistrate Judge

HERSCHELMAN V. SPADARO, ET AL.; CIVIL NO. 12-00550 LEK-RLP; BANKRUPTCY NO. 12-01775; FINDINGS AND RECOMMENDATION THAT APPELLANT'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES BE DENIED